```
               UNITED STATES DISTRICT COURT
                   DISTRICT OF VERMONT
```

JAMES E. PIETRANGELO, II          :
                                  :
     v.                           :
                                  :   Civil No. 1:05CV311
U.S. DISTRICT COURT VERMONT       :
and UNKNOWN COURT SECURITY        :
PERSONNEL                         :
_____    :

                RULING ON MOTION TO DISMISS
                        (Paper 15)

The pro se plaintiff is an attorney who claims to have recently experienced "unconstitutional incidents" while visiting the United States District Court in Burlington. He has sued the Court and unnamed court security officers ("CSOs") as a result of several visits during which the CSOs monitored his activities and deterred him from personally appearing in the Clerk's Office to file papers or interacting with court staff.

He does not allege he has been barred from the Court altogether, or has been unable to file his paperwork. He seeks an order enjoining CSO scrutiny or monitoring of his activities, which he asserts has caused him embarrassment, humiliation, and anxiety. See Complaint (Paper 1) at para. 10.

The government has moved to dismiss the complaint for lack of subject matter jurisdiction.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S.

1

471, 475 (1994).  In this case, sovereign immunity protects the court and its personnel from this suit.  <u>Id.</u>

The plaintiff seeks an injunction barring unnamed CSOs from subjecting him to what he characterizes as arbitrary scrutiny when entering the courthouse.  He maintains this request saves his complaint from dismissal.  <u>See</u> <u>generally</u> Plaintiff's Opposition (Paper 17).  Nevertheless, the plaintiff does not allege that he has been denied access to the court or facts suggesting a right to conduct his court business without scrutiny by security personnel.  In short, he has failed to set forth any constitutional violation as a result of the several incidents described in his complaint.  <u>Cf.</u> <u>Huminski v. Corsones</u>, 396 F.3d 53, 77 (2d Cir. 2005) (indicating state courts have the authority to ensure the security of their facilities).

On the facts alleged, the plaintiff has failed to state a claim within the Court's jurisdiction.  <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature.").  The Complaint is DISMISSED without prejudice.

The Motion to Dismiss filed on behalf of the United States Marshals Service (Paper 10), plaintiff's Motion to Strike (Paper 11) and Motion for Default Judgment (Paper 12) are DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 17th day of May, 2006.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge
